IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 13-36-GF-BMM-01 |
| Plaintiff, | |
| vs. | **FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |
| C'ERRA DAWN CLARK, | |
| Defendant. | |

## I. Synopsis

The United States accused Ms. Clark of violating Special Condition 1 of her supervised release by failing to report to a Residential Reentry Center. She admitted to the violation. Ms. Clark's supervised release should be revoked. She should be sentenced to time served plus one day, with twenty-five months of supervised release to follow. Her supervised release should include a condition requiring her to reside a residential reentry center for 180 days.

## II. Status

In April 2013, Ms. Clark pleaded guilty to the crime of Assault Resulting in Serious Bodily Injury. (Doc. 28.) The Court sentenced her to thirty-three months of incarceration, followed by three years of supervised release. (Doc. 61.)

1

Ms. Clark's first period of supervised release began on September 15, 2014. (Doc. 39.)

In February 2015, the Court revoked Ms. Clark's supervised release because she violated her conditions by failing to (1) refrain from use of any controlled substance, except as prescribed by a physician; (2) refrain from associating with any person engaged in criminal activity and convicted of a felony; (3) participate in substance abuse testing; (4) participate in and complete a program of substance abuse treatment; (5) participate in a program for mental health treatment; and (6) abstain from the consumption of alcohol. United States District Court Judge Brian Morris sentenced her to four months of custody, followed by thirty months of supervised release. (Doc. 48.) Ms. Clark's next term of supervised release began on May 20, 2015. (Doc. 50.)

On September 16, 2015, the Court revoked Ms. Clark's supervised release because she violated her conditions by failing to notify her probation officer of a change in residence, failing to participate in substance abuse treatment, and failing to participate in substance abuse testing. The Court sentenced her to four months of custody and twenty-eight months of supervised release (Doc. 59.) Her next term of supervision began on February 3, 2016.

On June 1, 2016, the Court revoked Ms. Clark's supervised release because

she refused to participate in substance abuse testing, substance abuse treatment, and mental health treatment. Ms. Clark also failed to report to her probation officer as directed and failed to answer her supervising officer's questions truthfully. The Court sentenced Ms. Clark to three months in custody, followed by twenty-five months of supervised release. (Doc. 76.) Mc. Clark's current term of supervised release began on July 15, 2016.

**Petition**

On July 22, 2016, the United States Probation Office filed a petition asking the Court to revoke Ms. Clark's supervised release. The Probation Office accused Ms. Clark of violating Special Condition 1 of her supervised release by failing to report to a Residential Reentry Center. Based on the petition, Judge Morris issued a warrant for Ms. Clark's arrest. (Doc. 79.)

**Initial appearance**

On July 26, 2016, Ms. Clark appeared before the United States Magistrate Judge Jeremiah Lynch in Missoula, Montana, for an initial appearance. Federal Defender Andy Nelson accompanied her at the initial appearance. Assistant United States Attorney Tim Raciot represented the United States.

Ms. Clark said she had read the petition and understood the allegations. Ms. Clark waived the preliminary hearing, and the parties consented to proceed with

the revocation hearing before the undersigned.

**Revocation hearing**

On October 12, 2016, Ms. Clark appeared before the undersigned with Federal Defender Evangelo Arvanetes for a revocation hearing. Jeffery Starnes appeared on behalf of the United States. Ms. Clark admitted that she violated the conditions of her supervised release. The violations are serious and warrant revocation of Ms. Clark's supervised release.

Ms. Clark's violation grade is Grade C, her criminal history category is I, and her underlying offense is a Class C felony. She could be incarcerated for up to twenty-four months. She could be ordered to remain on supervised release for twenty-five months, less any custody time imposed. The United States Sentencing Guidelines call for three to nine months in custody.

Both parties agreed that a sentence of time-served plus one day, with twenty five months of supervised release to follow is appropriate. Both parties also agreed Ms. Clark should spend 180 days in a Residential Reentry Center. The parties likewise agreed to waive their right to appeal this sentence so that Ms. Clark may enter a Residential Reentry Center immediately upon her release from detention.

## III. Analysis

Ms. Clark's supervised release should be revoked because she admitted violating its conditions. Ms. Clark should be sentenced to time-served plus one day, with twenty-five months supervised release to follow. The conditions of supervised release should require Ms. Clark to reside at a residential reentry center for 180 day should be added. This sentence would be sufficient given the serious violation of the Court's trust, but it would not be greater than necessary.

## IV. Conclusion

Ms. Clark was advised that the above sentence would be recommended to Judge Morris. Both parties agreed to waive their right to appeal this decision so Ms. Clark may be immediately placed in a Residential Reentry Center upon her release.

The undersigned **FINDS:**

> 1. C'erra Dawn Clark violated Special Condition 1 of her supervised release by failing to report to a Residential Reentry Center.

The undersigned **RECOMMENDS:**

> The district court should enter the attached Judgment, revoking C'erra Dawn Clark's supervised release and committing Ms. Clark to the custody of the United States Bureau of Prisons a period of time-served plus one day. She should be sentenced to 25 months of supervised

release, including a condition requiring Ms. Clark to
reside in a residential reentry center for 180 days.

Dated the 12th day of October 2016.

John Johnston
United States Magistrate Judge