IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 13-36-GF-BMM-01 |
| Plaintiff, | |
| vs. | **FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |
| C'ERRA DAWN CLARK, | |
| Defendant. | |

## I.  Synopsis

The United States accused Ms. Clark of violating the conditions of her supervised release by 1) consuming alcohol, 2) failing to participate in a program for mental health treatment, 3) failing to report for substance abuse testing, 4) failing to report for substance abuse treatment, 5) failing to live at a place approved by her probation officer, 6) failing to follow instructions of the probation officer, and 7) using a controlled substance.  She admitted to the violations.  Ms. Clark's supervised release should be revoked.  She should be sentenced to twelve months

1

and one day, with no term of supervised release to follow.

## II.  Status

In April 2013, Ms. Clark pleaded guilty to the crime of Assault Resulting in

Serious Bodily Injury.  (Doc. 28).  The Court sentenced her to thirty-three months

of incarceration, followed by three years of supervised release.  (Doc. 61).  Ms.

Clark's first period of supervised release began on September 15, 2014.

In February 2015, the Court revoked Ms. Clark's supervised release because

she violated her conditions by failing to 1) refrain from use of any controlled

substance, except as prescribed by a physician, 2) refrain from associating with any

person engaged in criminal activity and convicted of a felony, 3) participate in

substance abuse testing, 4) participate in and complete a program of substance

abuse treatment, 5) participate in a program for mental health treatment, and 6)

abstain from the consumption of alcohol.  United States District Court Judge Brian

Morris sentenced her to four months of custody, followed by thirty months of

supervised release.  (Doc. 48).  Ms. Clark's next term of supervised release began

on May 20, 2015.

On September 16, 2015, the Court revoked Ms. Clark's supervised release

because she violated her conditions by failing to notify her probation officer of a

change in residence, failing to participate in substance abuse treatment, and failing

to participate in substance abuse testing.  The Court sentenced her to four months of custody and twenty-eight months of supervised release.  (Doc. 59).  Her next term of supervision began on February 3, 2016.

On June 1, 2016, the Court revoked Ms. Clark's supervised release because she refused to participate in substance abuse testing, substance abuse treatment, and mental health treatment. Ms. Clark also failed to report to her probation officer as directed and failed to answer her supervising officer's questions truthfully. The Court sentenced Ms. Clark to three months in custody, followed by twenty-five months of supervised release. (Doc. 76.) Mc. Clark's current term of supervised release began on July 15, 2016.

On July 22, 2016, the United States Probation Office filed a petition asking the Court to revoke Ms. Clark's supervised release for failing to report to a Residential Reentry Center.  (Doc. 78).  On October 12, 2016, Ms. Clark was sentenced to time served plus one day, with twenty-five months of supervised release to follow.  (Doc. 94).

On January 26, 2017, Ms. Clark's supervised release was again revoked after admitting to using a controlled substance and having been terminated from the residential re-entry center.  She was sentenced to six months custody, with eight months of supervised release to follow.  (Doc. 106).

3

**Petition**

On October 2, 2017, the United States Probation Office filed a petition

seeking to revoke Ms. Clark's supervised release.  The petition alleges that:

1) On July 27, 2017, Ms. Clark submitted a urine sample positive for alcohol use and admitted to consuming alcohol on July 25, 2017,

2) On August 7, 2017, Ms. Clark failed to report for her initial appointment in her required program for mental health treatment and has not participated in treatment as of the writing of the petition,

3) Ms. Clark failed to report for substance abuse testing on August 17, 28 and 31, 2017,

4) Ms. Clark failed to report for substance abuse treatment on August 17 and 24, 2017, and Spetember 7, 2017,

5) On September 21, 2017, Ms. Clark's probation officer confirmed that Ms. Clark was not living at her reported residence,

6) On July 17, 2017, Ms. Clark was instructed to maintain weekly contact with her probation officer, but has failed to contact that officer since that check-in, and

7) On October 25, 2017, Ms. Clark provided a positive saliva sample for marijuana and methamphetamine, and admitted to using drugs daily for about the past sixty days.

(Doc. 108).  Based on the petition, Judge Morris issued a warrant for Ms. Clark's

arrest.  (Doc. 109).

**Initial appearance**

4

On November 6, 2017, Ms. Clark appeared before the undersigned in Great Falls, Montana, for an initial appearance.  Federal Defender Evangelo Arvanetes accompanied her at the initial appearance.  Assistant United States Attorney Ryan Weldon represented the United States.

Ms. Clark said she had read the petition and understood the allegations.  Ms. Clark waived the preliminary hearing, and the parties consented to proceed with the revocation hearing before the undersigned.  The revocation hearing was postponed for Ms. Clark to undergo a mental health evaluation.

### Revocation hearing

On February 13, 2018, Ms. Clark appeared before the undersigned with Mr. Arvanetes for a revocation hearing.  Mr. Weldon appeared on behalf of the United States.  Ms. Clark admitted that she violated the conditions of her supervised release.  The violations are serious and warrant revocation of Ms. Clark's supervised release.

Ms. Clark's violation grade is Grade C, her criminal history category is I, and her underlying offense is a Class C felony.  She could be incarcerated for up to twenty-four months.  She could be ordered to remain on supervised release for eight months, less any custody time imposed.  The United States Sentencing Guidelines call for three to nine months in custody.

Mr. Arvanetes argued for a sentence of eight to ten months in custody, stating that she has borderline antisocial personality disorder and that medication seemed to be calming her down.  Ms. Clark addressed the court and stated that she has a hard time dealing with stress, but that her medication helps.  Mr. Weldon argued that Ms. Clark's violations occur immediately after release and asked for a sentence of fifteen months with no supervised release to follow.

### III.  Analysis

Ms. Clark's supervised release should be revoked because she admitted violating its conditions. Ms. Clark should be sentenced to twelve months and one day in custody, with no supervised release to follow.  This sentence would be sufficient given the serious violation of the Court's trust, but it would not be greater than necessary.

### IV.  Conclusion

Ms. Clark was advised that the above sentence would be recommended to Judge Morris.  The Court reminded her of her right to object to these Findings and Recommendations within 14 days of their issuance.  The undersigned explained that Judge Morris would consider Ms. Clark's objection, if it is filed within the allotted time, before making a final determination on whether to revoke Ms. Clark's supervised release and what, if any, sanction to impose.

The undersigned **FINDS:**

> C'erra Dawn Clark violated the conditions of her supervised release by 1) consuming alcohol, 2) failing to participate in a program for mental health treatment, 3) failing to report for substance abuse testing, 4) failing to report for substance abuse treatment, 5) failing to live at a place approved by her probation officer, 6) failing to follow instructions of the probation officer, and 7) using a controlled substance.

The undersigned **RECOMMENDS:**

> The district court should enter the attached Judgment, revoking C'erra Dawn Clark's supervised release and committing Ms. Clark to the custody of the United States Bureau of Prisons a period of twelve months and one day, with no term of supervised release to follow.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing.  28 U.S.C. § 636(b)(1).  A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

7

Dated the 14th day of February, 2018.

John Johnston
United States Magistrate Judge